# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JAMES STEVEN RUIZ,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

2:17-cv-03036-JAD-VCF

**ORDER**

APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

Before the Court is Plaintiff James Steven Ruiz's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the following reasons, Steven's Application is granted and he may proceed with this action.

## IN FORMA PAUPERIS APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The Court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Determination of what constitutes 'unable to pay' or unable to 'give security therefor' and, therefore whether to allow a plaintiff to proceed *in forma pauperis,* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs." *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-CV-01110-APG-VCF, 2015 WL 5009787, at *1 (D. Nev. Aug. 21, 2015).

Ruiz's *forma in pauperis* application states that he is not currently working. (ECF No. 1 at 1). Ruiz alleges that he receives a $450 per month pension, but pays $2,400 per month in bills and taxes. (*Id.* at 1-2). Based on the information Ruiz provided in his application, the Court grants Ruiz's application.

## SECTION 1915(e) SCREENING

Under 28 U.S.C. § 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint. Specifically, federal courts are given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Ruiz's Complaint arises from a decision by the Commissioner of Social Security. The Commissioner denied Social Security benefits to Ruiz after concluding that Ruiz was not disabled. (ECF No. 1-1 at 2). Ruiz argues that there was no substantial medical evidence to support this conclusion. (ECF No. 1-1 at 2-3). Specifically, Ruiz asserts that the commissioner "failed to identify a legally sufficient reason to give little weight" to a doctor's opinion. (*Id.*)

There are standards that govern an ALJ's weighing of medical evidence. *Garrison v. Colvin* 759 F.3d 995, 1012 (9th Cir. 2014). "An ALJ errs when he rejects a medical opinion, or assigns it little weight while… criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-1013. Construing all material allegations in the Complaint in the light most favorable to the Plaintiff, the Plaintiff states a claim upon which relief can be granted. Ruiz may appeal to this court the

Commissioner's denial of her application for disability insurance benefits. 42 U.S.C. § 405(g). This court has jurisdiction over the matter. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (ECF No. 1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (ECF No. 1-1) by certified mail to: (1) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington D.C. 20530; and (2) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 800, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (ECF No. 1-1) to the U.S. Marshal for service.

///

///

///

///

///

///

1      IT IS FURTHER ORDERED that from this point forward, Plaintiff must serve upon defendant, or
2 his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for
3 consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate
4 stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.
5 The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails
6 to include a certificate of service.

    IT IS SO ORDERED.

    DATED this 13th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE